# Chandler *v.* Hanna.

*Bill in Equity to establish and enforce Mechanic's Lien.*

1. *When statutory remedy exclusive.*—When a right is solely and exclusively of legislative creation, when it does not derive existence from the common law, or from the principles prevailing in courts of equity, and jurisdiction of it is limited to particular tribunals, and specific, peculiar remedies are provided for its enforcement, the jurisdiction and remedy, being bounded by the statute, can be exercised and pursued only before the tribunals, and in the mode the statute provides.

2. *Mechanic's lien; when court of equity has no jurisdiction to enforce.* The lien in favor of mechanics and material-men for work and labor done, and materials furnished, is a new right, created by statute, for which a specific remedy by an action at law is provided; and hence, in the absence of a special cause for equitable interposition, a court of equity can not assume jurisdiction for its enforcement.

3. *Same; when averments of bill for its enforcement fail to show ground for equitable interposition.*—An averment in a bill filed by mechanics and material-men to enforce their statutory liens for work and labor done, and materials furnished, "that the statements of the accounts against said defendants are difficult, and can not well be shown in a court of law, and a resort to this court is necessary to properly enforce the liens of complainants, the remedy at law being inadequate," is not an averment of facts showing a complication of accounts, rendering necessary the intervention of a court of equity to disentangle and adjust them, or of facts showing the inadequacy of the remedy at law, but is merely a statement of the pleaders' conclusions of law and of fact; and it can not aid the equity of the bill.

4. *Same; depends on substantial compliance with the statute.*—The creation of the lien given by statute to mechanics or contractors, employees, and material-men depends upon a substantial compliance with the requisitions of the statute, the first of which is, that a just and true account of the demand, after all just credits have been given, verified by oath, must be filed in the office of the judge of probate of the county in which the property to be charged is situate.

5. *Same; verification of demand; before whom made.*—Statutes are not generally intended to operate extra-territorially; and a statute authorizing or requiring the doing of a particular act, if not otherwise expressed, must be regarded as contemplating the doing of the act within the jurisdiction of the State; and hence, the verification of the demand contemplated by the statute providing a lien in favor of mechanics, etc., is the oath or affirmation of the claimant, or of some other person having knowledge of the facts, taken before an officer of this State authorized by law to take and certify oaths.

6. *Same.*—A verification of the demand before a notary public in the State of Tennessee, not being a compliance with the statutory requirements, can not operate to confer the lien provided by the statute.

7. *Notary public; authority to administer oaths.*—Unless conferred by statute, a notary public has no authority to administer oaths or affirmations required by special statutory enactments, and not in the transaction of commercial affairs.

8. *Same; presumption as to his authority in another State.*—Until the

VOL. LXXIII.

[Chandler v. Hanna.]

contrary is shown, the presumption is, that, in a sister State, a notary public has no other authority than that which is derived from the commercial law.

APPEAL from DeKalb Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed by D. J. Chandler, P. Fleming, J. H. Warner & Co. and Ruoff & Co. against George D. Lawrence, Wiley G. Jones and L. B. Morrison, partners under the firm name of the Alabama White Sulphur Springs Company, and A. B. Hanna, for the purpose stated in the opinion. Hanna was made a party defendant as claiming a vendor's lien on the property sought to be subjected to sale. The bill filed by Hanna, referred to in the closing sentence of the opinion, sought to enjoin the appellants from selling the property in controversy under an execution issued on a judgment obtained by them in the Circuit Court of DeKalb county against the White Sulphur Springs Co. under the statute creating a lien in favor of mechanics and material-men, and providing a remedy for its enforcement. By an amendment, Hanna alleged the pendency of the suit by the appellants against the Springs Company and himself, and prayed that said cause might "be heard with, and treated as a part of this cause, and that complainant's bill of complaint in this cause be considered as an answer and cross-bill against D. J. Chandler *et al.*" The two causes were heard together; and, upon the hearing, a decree was rendered, dismissing the bill filed by the appellants, and granting to Hanna the relief prayed by him in his bill. The other facts, necessary to an understanding of the points decided, are sufficiently stated in the opinion.

PHELAN & GOREE and D. P. LEWIS, for appellants.

SAM'L F. RICE and L. A. DOBBS, *contra.*

BRICKELL, C. J.—The purpose of the original bill filed by the appellants is to establish and enforce a lien under the statute (Chapter 6, Title 2, Part 3, of the Code of 1876), for work and labor done, and materials furnished in the erection and repair of buildings, and the construction of other improvements on a parcel of land, indifferently designated as "Hanna Springs," or "Alabama White Sulphur Springs." The lien asserted is derived from, and wholly dependent upon the statute, which creates a new right unknown to courts of law, or of equity. For the enforcement of the right, a specific remedy by an action at law is provided, which in form and characteristics is essentially different from the known and usual remedies

[Chandler v. Hanna.]

of courts of law, bearing a striking analogy to a proceeding *in rem*, rather than to a proceeding *in personam*. All parties to the contract are indispensable parties to the suit the statute authorizes; and in addition, "all other persons interested in the matter in controversy, and in the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings." It is manifest the statute intended to prescribe a particular remedy, co-extensive with, and capable of enforcing the new right it creates—that it was intended, not only to create a new, distinct right, having its own elements and properties, but to prescribe a particular, specific remedy, supposed to be fully adequate to the vindication of the right.

The rule is general, of great practical importance, and has been frequently acted upon, that "when by a statute a new right is given, and a specific remedy provided, or a new power and also the means of executing it are provided by statute, the power can be executed and the right vindicated in no other way than that prescribed by the statute."—Sedgwick on Stat. & Cons. Law, 343; *Janney v. Buell*, 55 Ala. 408; *Phillips v. Ash*, 63 Ala. 414. The rule does not collide with the general rule, that the jurisdiction of a court of equity is not impaired by statutes conferring upon other tribunals jurisdiction which was exclusively equitable, unless the statutes expressly take away the equitable jurisdiction; nor with the other well settled rule, "that if a statute gives a remedy in the affirmative, without a negative, express or implied, for a matter which was actionable at the common law, the party may sue at the common law as well as upon the statute; for this does not take away the common law remedy."—Sedgwick on Stat. & Cons. Law 342. In the cases to which these rules are applied, the right existed and its enforcement lay within the jurisdiction of either the court of equity or the common law courts. Statutes affirmative of the right, and prescribing other than the usual remedies for its enforcement, or conferring cognizance of it upon other tribunals, not negativing the pre-existing remedies or jurisdiction, in their very nature are merely cumulative and not exclusive. But when a right is solely and exclusively of legislative creation, when it does not derive existence from the common law, or from the principles prevailing in courts of equity, jurisdiction of it may be limited to particular tribunals, and specific, peculiar remedies provided for its enforcement. The jurisdiction and the remedy, being bounded by the statute, can be pursued and exercised only before the tribunals and in the mode the statute provides. Other tribunals can not exercise the jurisdiction, without enlarging the operation of the statute. The case of *Montandon v. Deas*, 14 Ala. 33, in which it was

[Chandler v. Hanna.]

held, that a court of equity had concurrent jurisdiction with courts of law to enforce the lien given mechanics by the statute then of force, is not opposed to this view. The statute did not prescribe a particular remedy, and its words contemplated, obviously, either a suit at law, or in equity.—Clay's Dig. 375–6. It may be, that if fraud intervenes, obstructing the enforcement of the lien by the statutory remedy, or some other impediment or difficulty is interposed, rendering the statutory remedy inadequate, a court of equity could take jurisdiction to enforce it, as it takes jurisdiction upon its own principles and maxims to relieve against fraud or accident, when legal remedies are not complete or appropriate. But in the absence of a special cause for equitable interposition, the court can not, and ought not to assume a jurisdiction the statute has committed to courts of law, and apply other remedies for the enforcement of a purely statutory right, than such as the statute prescribes. Phillips on Mechanics' Liens, § 2. The present bill fails to show that the statutory remedy is inadequate, or that any fraud or other impediment obstructs the enforcement of the lien, if it exists, which a court of law can not as well remove as a court of equity. The single averment is, "that the statements of the accounts against said defendants are difficult, and can not well be shown in a court of law, and a resort to this court is necessary to properly enforce the liens of complainants, the remedy at law being inadequate." This is not an averment of facts showing a complication of accounts, rendering necessary the intervention of a court of equity to disentangle and adjust them; nor is it a statement of facts showing the inadequacy of the remedy at law. At most, it is a simple statement of the pleaders' conclusions of law and of fact, and can not aid the equity of the bill. That must depend upon a clear, unambiguous statement of facts, from which the court can plainly see that a case for its interference exists, and by which the defendant is distinctly informed of the nature of the case he is to meet and defend.—*Cockrell v. Gurley*, 26 Ala. 405; *Duckworth v. Duckworth*, 35 Ala. 70. Considered in this aspect, the bill was without equity, and was properly dismissed.

The creation and continuance of the lien given by the statute to mechanics, or contractors, employees, and material-men, as the parties are designated, depends upon a compliance with the requisitions of the statute. A strict literal compliance is not exacted, but a compliance with all matters of substance. The mere fact that work and labor are performed and materials furnished for the erection or repair of buildings, or for the construction of other improvements, will not give rise to the lien. The work and labor may be done, and the materials furnished on the personal credit of the party contracting for

[Chandler v. Hanna.]

them, and this is often true, and all that is intended. By the express words of the statute, the lien can come into existence only upon a compliance with its provisions. The first step which must be taken to create it, is the filing in the office of the judge of probate of the county in which the property to be charged is situate, a just and true account of the demand, after all just credits have been given, which must be verified by the oath of the claimant. It is this verified statement which, when properly filed, is, in the words of the statute, "a lien upon the building or other improvements, from and after such filing." The statement of the claims of three of the complainants, Warner & Co., Fleming and Ruoff & Co., alleged to have been filed in the office of the judge of probate, are not otherwise verified than by an affidavit purporting to have been taken before a notary public of the county of Hamilton, in the State of Tennessee. The verification contemplated by the statute is an oath or affirmation in writing to the truth of the statement of the claim or demand, taken and administered by and before an officer having authority by law to administer and certify oaths or affirmations. A notary public is an officer long known to the commercial law, and his official powers and duties are recognized as extending to the authentication of commercial instruments. It does not lie within the scope of his authority or duty to administer oaths or affirmations required, not in the transaction of commercial affairs, but by special statutory enactment.—*Kirksey v. Bates*, 7 Port. 529. Such authority is often conferred upon him by statute, but if this be true in the State of Tennessee, there is no evidence of the fact in the record. Until the contrary is shown, the presumption is, that, in a sister State, a notary public has no other authority than that which is derived from the commercial law.—1 Brick. Dig. 349, § 9. These claims, if it could be conceded that a verification before an officer of another State would satisfy the requirements of the statute, are wanting in the essential element of a verification by oath or affirmation taken before and certified by an officer having authority to administer and certify oaths, without which they could not legally and properly be filed in the office of the judge of probate. Apart from this consideration, the verification intended by the statute is the oath or affirmation (the two are synonymous, or rather oath includes affirmation,) of the claimant, or of some other person having knowledge of the facts, taken before an officer of this State, having authority by law to take and certify oaths. Statutes are not generally intended to operate extra-territorially, and a statute which authorizes or requires the doing of a particular act, if not otherwise expressed, must be regarded as contemplating the doing of the act within the jurisdiction of the State.

[Chandler v. Hanna.]

The doing of the act without the State may be, and is often expressly authorized, and its operation within the State may be prescribed. But whenever this is intended, the intention is clearly expressed—it is not derived from mere implication. Affidavits required in the commencement, or in the course of judicial proceedings, the statute authorizes to be taken without the State, and enumerates the officers who may take and certify them.—Code of 1876, § 550. Claims against the estate of a deceased insolvent debtor must be verified by the oath of the claimant, or of some person who knows the correctness of the claim. The verification, by express statutory provision, may be made in another State, or in a foreign country, before specified officers, and its effect when so made is declared. If it had been intended that the claim of a mechanic, employee, or material-man, should or could be verified without the State, a similar provision would have been introduced into the statute, and the officers who could take and certify it would have been specified. In the absence of such provision, the statute can not be construed as authorizing the verification elsewhere than within the State, and before an officer known to the laws and judicial tribunals of the State, as having authority to administer and certify oaths. Without inquiring whether the complainant Chandler, whose claim was verified before an officer of the State, having authority to administer and certify oaths, has acquired a lien, capable of enforcement; it is enough to say that he has joined as a complainant with parties who are without interest, and who are not entitled to relief. We find no error in the decree of the chancellor dismissing the original bill filed by the appellants. The assignments of error relating to the decree rendered on the bill filed by the appellant Hanna, if examinable on this appeal, have not been insisted upon in the argument of counsel, and we do not feel bound to consider them.

Affirmed.