# Walker *et al.* v. Daimwood & Norris *et al.*

### Bill in Equity to Enforce Mechanic's Lien.

80   245
94   255
80   245
99   261
80   245
131   188

1. *Mechanic's lien; when court of equity has no jurisdiction to enforce.* A mechanic's lien is created by statute, which also prescribes the remedy for its enforcement, in many respects analogous to a bill in chancery, or a proceeding *in rem* (Code, §§ 3440-49) ; and a court of equity can not take jurisdiction to enforce this lien, "in the absence of some special ground of equitable interposition, such as would render inadequate the remedy at law."

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOMAS COBBS.

The bill in this case sought the enforcement of the complainants' alleged mechanic's liens, and was filed on 20th Feb-

ruary, 1884, by Daimwood & Norris, and others, artisans and material men, against W. J. Fellows and Alice L. Walker, trustee, and her children and *cestuis que trust*, named in the deed of trust, made an exhibit to the bill. The trust estate consisted of a tract of land in the county of Marengo, and the bill alleges the lease by the said Alice L. Walker of a particularly described lot of ground, a portion of the trust estate, to the said W. J. Fellows; and averred that the said Alice L. Walker "authorized and permitted William C. Fellows, for the immediate use, enjoyment or benefit of the said Alice L. Walker, Maggie J. Fellows, formerly Maggie J. Walker, and the other beneficiaries named in said deed of trust, to build and complete (upon said lot) a large and commodious dwelling, with servant's house, stable," &c., in the construction and erection of which, and in providing the necessary material therefor, the several demands of complainants originated. A nominal portion of the complainants claim was paid by the said Fellows leaving an aggregate unpaid balance of $880.40. The bill averred the creation and existence of the debts due the several complainants and alleged that each of said demands had been duly itemized, verified and filed in the Probate Court as required by the statute governing mechanic's liens; and prayed that complainants be entitled each "to a statutory lien, by virtue of the premises stated, upon said lot and the houses theron," and in default of payment that said houses and lot be decreed to be sold for the payment of the sums due complainants. Answers were filed by all the defendants; but it is not necessary to an understanding of the opinion of the court that they should be here noticed. Upon final hearing, upon pleadings and proof, the chancellor was of opinion that the complainants were entitled to relief; and caused a decree to be entered in accordance with the prayer of the bill. This decree is here made the basis of the assignments of error.

BROOKS and ROY, for appellants.

JOS. R. & S. W. JOHN, and TAYLOR and JOHNSTON, *contra*.

SOMERVILLE, J.—In *Chandler v. Hanna*, 73 Ala. 390, it was expressly decided by this court that a court of chancery could not assume jurisdiction to enforce a mechanic's lien, created under the statutes of this State, in the absence of some special ground of equitable interposition, such as would render inadequate the remedy prescribed in a court of law. It was said in that case that "the jurisdiction and the remedy, being bounded by the statute, can be pursued and exercised only before the tribunals and in the mode the statute provides. Other

[England v. Hatch.]

tribunals can not exercise the jurisdiction without enlarging the operation of the statute."

The statute prescribes, for the enforcement of mechanic's liens, a civil action in a court of law, which in many respects is analogous to a bill in chancery, or an ordinary proceeding *in rem.* The complaint is required to allege the facts necessary to confer the lien under the conditions fixed by statute, with a description of the property upon which such lien is sought to be enforced. The parties to the contract, by virtue of which the lien accrued, are necessary parties to the action, and all other persons interested in the property or controversy, are proper parties within the discretion of the plaintiff.—Code, 1876, §§ 3446–3447. The lien may be enforced against the separate property of married women, and of mere *cestuis que trust,* as well as other owners or proprietors of any interest in land, for whose immediate use, enjoyment or benefit any building or improvement thereon may be erected.—Code, § 3460.

We find no averments in the present bill which will rescue this case from the rule declared in *Chandler v. Hanna, supra.* No fact is stated which shows that the rights claimed by the complainants can not be enforced as well in an action at law as in a court of equity. Their remedy, if any they have, must be in a tribunal upon which the statute, creating the lien, has conferred jurisdiction.

The chancellor erred in assuming jurisdiction and in rendering the decree in the cause. The chancellor's decree will be reversed, and a decree will be rendered in this court dismissing the bill.