# Espalla *v.* Touart.

*Bill in Equity to Enjoin Sale of Land under Power in Mort-*
*gage, and to Remove Cloud upon Title.*

| 96 | 137 |
|----|-----|
| 101 | 192 |
| 96 | 137 |
| 107 | 322 |

1. *Lien of Mortgage on undivided interest in land; effect of sale of the land for distribution among tenants in common.*—The lien of a recorded mortgage, which was given by one tenant-in-common upon his undivided interest in land, is not displaced by a sale of the land for distribution, in a proceeding under the statute (Code, § 3253) between the joint owners or tenants in common; the statute not providing that such lien shall be a charge only upon the mortgagor's share or interest in the proceeds of the sale.

2. *Election by mortgagee to claim proceeds of sale of mortgaged property.* A mortgagee of land, who is made a party defendant to a suit for the foreclosure of another mortgage upon the same land, by voluntarily remaining a party to that suit and setting up therein a claim under his mortgage to the purchase money realized on a previous sale of the mortgaged property, on the ground that the lien of his mortgage is superior to that of the other, thereby elects to ratify such sale; and he cannot, after that contest for the purchase money is determined against him, proceed under his mortgage to sell the land itself.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The sale at which the appellee, Louis Touart, became the purchaser of the land, an undivided interest in which was covered by the mortgages to the appellant, Joseph Espalla, Jr., and to Lienkauff & Strauss, respectively, was under a decree of the Probate Court, rendered on a petition by the tenants in common for the sale of the land for distribution, on the ground that it could not be equitably divided or partitioned among them.

The other facts, and the pleadings in the case, are sufficiently stated in the opinion.

JNO. R. TOMPKINS, GAYLORD B. CLARK and F. B. CLARK, for the appellant.

FAITH & ERVIN, *contra.*

COLEMAN, J.—The facts of the case are as follows: In September, 1888, Matilda Campbell being the owner of an undivided one-sixth interest in certain real estate executed a mortgage to Joseph Espalla, Jr. This mortgage was not

recorded until the 24th of August, 1889. After the execution of the mortgage to Joseph Espalla, Jr., and before the registration, she executed a second mortgage upon the same property to Lienkauff & Strauss. The mortgagees of the second mortgage had no notice of the prior mortgage given to Espalla. As between Espalla and Lienkauff & Strauss, the interest of the former was that of a junior mortgagee with the right to redeem. The second mortgage, the one made to Lienkauff & Strauss, contained this provision: "It is further understood and agreed that if said property be lawfully sold for a division . . on the proceedings taken by any of the part owners thereof, that then, this mortgage shall attach to and become a lien only on the share of the said Matilda Campbell in the proceeds of said sale, and the title made to the purchaser shall be free and discharged from this lien."

On the 12th of July, 1889, the tenants in common filed a petition in the Probate Court praying that the lands be sold for partition, and a decree was rendered in that court on the 13th of August, 1889, for the sale of the land. No others than the tenants in common were parties in the Probate Court for a partition. On the 17th of August, 1889, Matilda Campbell made a general assignment to one Baker of all her property for the benefit of her creditors generally. On the 11th of November, 1889, the lands were sold under the decree of the Probate Court on partition, and Louis Touart, the complainant, became the purchaser. The purchase money having been paid, the sale was confirmed and titles made to Touart. On the 13th of September, 1889, Lienkauff & Strauss filed their bill in the Chancery Court of Mobile, for the enforcement of their mortgage, and after the purchase money for the lands sold under the decree of the Probate Court was paid over by the purchaser and the sale confirmed, they amended their bill by praying that their lien be enforced upon so much of the purchase money as was realized from the share of Matilda Campbell. Matilda Campbell and Baker, the assignee, were made parties defendant to the foreclosure bill of Lienkauff & Strauss, and at the close of the bill it was averred, "that Joseph Espalla, Jr., claims to have some lien or mortgage on the property, prior to that of the complainant, and that it is necessary that he should be made a party for the purpose of propounding his claim." Louis Touart was not a party to the foreclosure suit by Lienkauff & Strauss. Joseph Espalla, Jr., answered the bill of Lienkauff & Strauss, setting up a prior mortgage and attached his mortgage as an exhibit to his bill. Upon the coming in

of this answer, complainants amended their bill and averred that, although respondent's (Espalla's) mortgage was of prior date, he had failed to have it recorded until after the execution of their mortgage and that complainants were mortgagees without notice. Respondent, Espalla, answered, averring personal notice of the mortgage to complainants before the execution of their mortgage. This was an issue in that proceeding. Baker, the assignee, moved the court for an order directing that the purchase money for Matilda Campbell's share of the land be paid into the Chancery Court for distribution. The decree of the Chancery Court upon this motion shows that "by consent of all parties involved in interest, it is ordered and decreed . . that the money be paid into this court for distribution." &c. After the evidence was taken, on final decree the Chancery Court adjudged and decreed that complainants, Lienkauff & Strauss, had a prior claim to the money, and it was decreed to the payment of their mortgage.

Upon the final disposition of that case against him, Joseph Espalla, Jr., proceeded to advertise the property for sale, under a power of sale contained in his mortgage. To enjoin the foreclosure sale by Espalla and to remove the cloud upon his title created by the mortgage of Espalla, Louis Touart, the purchaser at the sale for partition made under the decree of the Probate Court, filed the present bill, setting up the facts substantially as we have stated them. The Chancery Court granted him relief, and from that decree the present appeal is taken.

A recurrence to the facts will show that the mortgage of Espalla was recorded on the 24th of August, 1889, and Touart became the purchaser in November, 1889. He was, therefore, chargeable with legal notice of the existence of the Espalla mortgage at the time of his purchase and payment of the purchase money. The rule is that "the right of an incumbrancer can not be affected by a sale of lands in partition. If the lands are sold the purchaser will take the premises *cum onere*, subject to the lien upon the undivided share."—Knapp on the Law of Partition, p. 266; Freeman on Cotenancy, § 479; 1 Jones on Mortgages, § 475. Code, § 3247, makes provision that, if the lands are partitioned, the "lien on an undivided interest is thenceforth a charge only on the share assigned to such party." There is no statutory provision to the effect that when the lands are sold for distribution such lien shall be a charge upon the proceeds of the share or interest of the incumbrancer.

We do not think it necessary to determine whether the

sale for partition, under the decree of the Probate Court, should stand, in a court of equity, as a legal foreclosure of the mortgage to Lienkauff & Strauss, which cut off all the equities of Espalla, except the statutory right of redemption; as, according to the view we take of the case, Espalla is concluded upon other grounds. A mortgagee or alienee may ratify a sale made of encumbered property and sue for the purchase money, and we see no reason why he may not elect to ratify a sale of lands for partitions.—*Colton v. Smith*, 22 Amer. Dec., 376, 11 Pick. 311. Espalla was a party to the Chancery Court suit for the foreclosure of the Lienkauff & Strauss mortgage. The decretal order of the court which ordered the purchase money to be paid into court for distribution in that suit was made with the consent of all parties in interest. It may be possible, that if Espalla had preferred, he might have relied upon his mortgage security for whatever it was worth, and had himself dismissed as a party to that suit out of court. By voluntarily remaining as a party to that suit and setting up his claim to the purchase money, and contesting the claim of Lienkauff & Strauss, upon the grounds that his mortgage lien was superior to that of Lienkauff & Strauss, he must be held to have elected to ratify the sale of the land, and as having proceeded for the purchase money, in lieu of the land. After that contest was determined against him, and the purchase money decreed to Lienkauff & Strauss, he can not now proceed under his mortgage.

If the Chancery Court, in the contest for the purchase money, had decided that the Espalla mortgage was superior to that of Lienkauff & Strauss, and decreed the purchase money to him, there could be no plausable pretext for his resorting to a sale of the same land a second time under the power contained in his mortgage. The legal effect of the ratification is the same whether he was successful or unsuccessful in that contest.

We find no error in the record, and the case is affirmed.

Affirmed.