# Colby *v.* St. James (Colored) M. E. Church.

*Bill in Equity to enforce Statutory Lien of Contractor and Material-man.*

| 99 | 259 |
| 99 | 278 |
| 99 | 311 |
| 99 | 259 |
| 106 | 507 |

1. *Statutory lien of mechanics and material-men; what laws are of force.*—The statute approved February 12th, 1891, entitled "An act to provide liens for mechanics and material-men, and to repeal sections 3018, 3022, 3025, 3026, 3028, 3041, of the Code, and section 3027 as amended by the acts of 1888-89," (Sess. Acts 1890-91, pp. 578-80), though capable of execution as a complete system in itself, is to be construed in connection with the unrepealed sections of the former law, making the law now of force to consist of the express provisions of the new statute and the unrepealed sections of the old law as amended or changed by the new.

2. *Jurisdiction of equity to enforce statutory lien.*—Since the passage of the act approved Feb. 12th, 1891, as before (Code, § 3048), the statutory lien of a mechanic or material-man may be enforced by bill in equity, when the amount claimed is $100 or more, without alleging or proving any special ground of equitable jurisdiction.

APPEAL from the City Court of Birmingham, in equity.
Heard before the Hon. H. A. SHARPE.
The bill in this case was filed on the 27th August, 1892,

[Colby v. St. James M. E. Church.]

by Willis D. Colby, against the St. James (Colored) M. E. Church, a private corporation, and H. Adkins &' Sons, as defendants; and sought to enforce a statutory lien on a lot and building owned by the church, for work done and materials furnished by plaintiff on the church building, under contract with the agents or trustees of the church, amounting to $111.25, with interest from January 1st, 1892. The work was done and the materials were furnished in November and December, 1891 ; and it was alleged that the claim was regularly filed within ninety days after the completion of the work, in the office of the probate judge of Jefferson, and that ten days notice, prior to the filing, was given to the trustees or agents of the church. Adkins & Sons were joined as defendants on the allegation that they claimed an interest in the property under a mortgage, which was subsequent and inferior to the complainant's lien. The court sustained a demurror to the bill, on the ground that a court of equity had no jurisdiction to enforce the statutory lien; and this decree is here assigned as error.

HILL & HILL, and L. C. DICKEY, for appellant.—Prior to the passage of the statute approved February 12th, 1891, there could be no doubt of the equity of the bill in this case—Code, § 3048 ; *Wimberly v. Mayberry*, 94 Ala. 251. That statute expressly repeals several sections of the Code by number, and all other statutes inconsistent with its provisions; but the section giving the remedy in equity, (§ 3048) is not expressly repealed, nor is it repealed by implication, since it is not repugnant to any provision of the repealing law. The repeal of a statute by implication is never favored, and statutes *in pari materia* are so construed, if possible, as to give due effect to each.—Endlich on Statutes, 263, 271 ; Cooley's Const. Lim., 11, 12 ; *Huffman v. State*, 29 Ala. 40 ; 89 Ala. 103 ; 47 Maine, 28 ; 1 Kent's Com. 463 ; 9 East, 486 ; 46 Ala. 299, 397.

LANE & WHITE, *contra.*

HEAD, J.—Chapter 3, Title 2, Part 3 of the Code of 1886, comprised the general statutes of this State when that Code was made and adopted, which defined, declared and provided for the enforcement of liens of mechanics and material-men. The chapter embraced thirty-one sections, numbered 3018 to 3048, inclusive. The first of these sections declared the lien, and the remaining ones made many provisions, such as regulating the priorities of liens, the rights of lessor and

[Colby v. St. James M. E. Church.]

lessee, the procedure necessary to effectuate the lien, and for its enforcement in the courts. Section 3028 was as follows: "When the amount involved exceeds fifty dollars, actions for enforcement of liens under this chapter shall be brought in the Circuit Court, or court having like jurisdiction, of the county in which the property is situated; in all other cases, such actions shall be brought before justices of the peace." The next section (3029) prescribed the pleading and practice in such actions. Section 3048 was as follows: "Any lien provided for under the provisions of this chapter, when the amount claimed is not less than one hundred dollars, may also be enforced by bill in equity, without alleging or proving any special ground of equitable jurisdiction."

In practice, under this system of laws, the courts of law and equity were invoked for the enforcement of these liens, either tribunal being selected as the pleasure of the party suing might dictate; and it has never been objected, that we are aware of, and indeed could not be plausibly argued, that there was such incongruity or inconsistency in the two sections as they stood in the Code, as that both could not stand and be well administered. The two, being *in pari materia*, were treated as giving the remedy by bill in equity, in addition to the jurisdiction of the courts of law conferred by the first, although that section is complete in itself, and, without more, would be held to confer the jurisdiction exclusively upon courts of law, in the absence of special grounds of equitable interposition.— *Walker v. Daimwood*, 80 Ala. 246; *Chandler v. Hanna*, 73 Ala. 392.

With this chapter of laws in force, on February 12, 1891, the General Assembly passed "An act to provide liens for mechanics and material-men, and to repeal sections 3018, 3022, 3025, 3026, 3028, 3041 of the Code, and section 3027 as amended by the acts of 1888–89." The first section of this act declares an express repeal of the Code sections just enumerated; and the remaining sections of the act then proceed to make provisions supplying, in modified form, the deficiencies in the system created by this repeal, and making some new provisions touching subjects not before provided for; and the last section of the act declares the repeal of all laws in conflict with the act. It will thus be observed that, by this act, seven particular sections of the Code chapter were expressly repealed, and twenty-four retained, unless they or some of them were also repealed by reason of inconsistency, as declared by the last section of the act. Now, we find by comparison that the several sections of the new

act, interlaced and supplemented by those Code sections which were not repealed by name, form a congruous and harmonious system for the establishment and enforcement of liens of mechanics and material-men; and whilst the act itself may be capable of enforcement, as a system complete in itself, without the Code sections retained, yet the retained sections are well adjusted to the provisions of the act, and supply many provisions useful to the ease and efficiency of the system created by it. We therefore feel no hesitation in holding, that the legislative intention was that the laws of this State, in reference to these liens, should consist of the several sections of the act of February, 1891, interlaced and supplemented, as we have said, by those sections of the Code which were not repealed; the whole forming a complete system for the regulation and enforcement of all rights arising under it.

Now, it will be noticed that section 3028 of the Code above copied, which conferred the jurisdiction on courts of law, was one of the expressly repealed sections; but, in lieu thereof, section 8 of the act was adopted, which provides, "that when the amount involved exceeds one hundred dollars, action for enforcement of lien under this chapter shall be brought in the Circuit Court, or court having like jurisdiction, of the county in which the property is situated; in all other cases, such action shall be brought before justices of the peace, whose judgments shall be executed as now provided by section 3037 of the Code." This repeal of 3028, and the adoption of this section 8 of the act, manifestly had no other purpose than to change the jurisdiction of the Circuit Court as to sum, from a minimum of fifty to one hundred dollars; to increase that of justices to one hundred dollars, and supply the omission effected by the repeal of section 3037, as to how justices should enforce their judgments. The effect is precisely the same as if the section (3028) had not been repealed and the new section adopted in its place, but had been amended by changing fifty to one hundred dollars, and providing the manner of enforcing justice's judgments. Thus, when we view the entire law as it was thus formed by the act of 1891, we find it, in its structure, in effect the same as the chapter of the Code in force at the adoption of the act. Provisions of the old system are modified, and new ones added, but the structure of the law is the same, and in it we find the two sections, the one conferring jurisdiction on courts of law, and the other on courts of equity, standing together just as they did before.

[Winter v. London.]

We are of the opinion.that the jurisdiction of equity, in such cases, was not repealed or impaired, and that the City Court erred in so holding.

Reversed and remanded.