# Carmen & Begg et al. v. Alabama National Bank.

*Bill in Equity to enforce Landlord's Lien, and for an Injunction.*

101  189
d131  195

1. *Landlord's lien; can be enforced independently of attachment.*—A lien secured to the landlord of a storehouse, dwelling house, or other building by section 3069 of the Code of 1886, can be enforced independently of the remedy by attachment given in section 3070 of the Code.

2. *Attachment; resort thereto no bar to bill by landlord to enforce his lien.*—The remedy by attachment being cumulative, a resort to that writ for the enforcement of rent already matured, is no bar to a suit in equity by a landlord to enforce his lien against the proceeds of sale under attachment, issued at the instance of other creditors of the tenant, for the rent not matured.

Appeal from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on July 18, 1892, by the Alabama National Bank of Mobile, against William H. Carmen and Peter Begg, as partners, under the firm name of Carmen & Begg, The Commercial Printing Company, a corporation, Edwin Colburn, The St. Louis Paper Company, a corporation, and W. H. Holcombe, the sheriff of Mobile county.

The averments of the bill disclose the following facts: On October 31, 1891, the complainant, the Alabama National Bank, leased to Carmen & Begg, for one year, a certain storehouse, which was to be used by the lessees as a public printing house; that for the rent of said storehouse, Carmen & Begg agreed to pay $600, and executed their 12 promissory notes for $50 each, which were made payable on the 2d day of November, 1891, 2d day of December, 1891, the 2d day of January, 1892, and the 1st day of each succeeding month thereafter, down to and including November 1, 1892. Shortly after Carmen & Begg obtained said lease and executed their notes, they formed a corporation for the purpose of conducting the business, in which they, as a partnership, were engaged, and the name of the corporation was the Commercial Printing Company. Carmen & Begg transferred to the Commercial Printing Company all of the property

with which they were conducting business in the building leased from the Alabama National Bank, which property was then in the said building and subject to complainant's lien. The Commercial Printing Co. conducted the said business in the said building until March 4, 1892. The Commercial Printing Co. having become indebted to Edwin E. Colburn and the St. Louis Paper Co., each of the latter sued out in the city court of Mobile an attachment against the said Commercial Printing Co. on March 4th and 5th, 1892, respectively, and these attachments were each levied upon the property of the Commercial Printing Company, which was situated in the building leased from the Alabama National Bank, and a part of which had been transferred to the Commercial Printing Company by Carmen & Begg.

Carmen & Begg paid the first of their rent notes to the Alabama National Bank when it fell due, but made default in the payment of each of their other notes, as the same became due, down to and including the rent note falling due on July 1, 1892. On March 15, 1892, the Alabama National Bank sued out from the city court of Mobile an attachment against Carmen & Begg for so much of said rent as was then due, viz., $150, with interest, which attachment was levied upon the property which had previously been levied upon under the attachments of Colburn and the St. Louis Paper Co. On April 16, 1892, the Alabama National Bank sued out of the city court of Mobile another attachment against Carmen & Begg for the sum of $50, which had become due since its previous attachment was sued out, and this latter attachment was levied upon the same property. The 4th paragraph of the bill is as follows: "The property levied upon as aforesaid was, under an order of the court made in the case of Edwin E. Colburn against the Commercial Printing Company, sold as perishable for the sum of six hundred and seventy-six and 94–100 dollars, which said money is now in the hands of William H. Holcombe, who is the sheriff of Mobile county. Complainant does not know what has become of the property so sold, and could not identify or trace more than a small portion of the same. A motion has this day been granted by the city court of Mobile in the case of the defendant, the St. Louis Paper Company, against the Commercial Printing Company for the distribution of said fund in

the city court, and the lien of complainant, as the landlord of said Carmen & Begg, upon the property which produced said fund, and upon said fund; and if said fund is so distributed without first satisfying the lien thereon, the complainant will be remediless.''

The Alabama National Bank, as complainant, prayed that the court should declare the amount of the indebtedness due, and to become due to it for the rent of said building, and that the same be declared a lien upon the proceeds of said property in the hands of the defendant, William H. Holcombe, and that so much of the proceeds as the complainant is entitled to, be paid over to it, and further prayed that an injunction be issued enjoining the said Holcombe from distributing the said money among the defendants, and from otherwise disposing of it until this cause be heard, and to restrain the defendants from demanding or receiving any of the money from said William H. Holcombe. A temporary writ of injunction was issued.

The defendants demurred to the bill, among others, upon the following grounds : 1st. That the complainant had an adequate and complete remedy at law. 2d. That the bill was without equity. 3d. That the bill shows that, at the time of the levy of the attachment for rent, the property levied upon was not the property of Carmen & Begg, but was the property of the Commercial Printing Company. 4th. That according to the averments of the bill, the complainant was guilty of laches, in not enforcing its lien at the time of the conveyance by Carmen & Begg to the Commercial Printing Company. 5th. That by the complainant having sued out attachments for a part of its demand only, it has waived and lost its lien on the property for the rent which was to become due. 6th. That the complainant is seeking by its bill to invoke the aid of chancery to protect it from its own negligence and laches. 7th. Because, for aught that appears in the bill, the said court made its order of distribution of said funds with due regard to the rights of the complainant. The defendants also moved to dismiss the bill and to dissolve the injunction for the want of equity.

Upon the submission of the cause upon the demurrers and motion, the chancellor overruled each of them. The defendants appeal, and assign this decree of the chancellor as error.

PILLANS, TORREY & HANAW and McCARRON & LEWIS, for appellants.

F. G. BROMBERG and G. L. & H. T. SMITH, *contra.*— (1.) The appellee had a lien for its rent upon all chattels situated in the leased premises belonging to tenants, and this lien could not be impaired by any act of the tenants so long as the chattels remained upon the leased premises, and *a fortiori*, could not be displaced by any attachment of the creditors of the tenants. Attaching creditors have no better rights to property than the debtor has. The landlord's lien attached to his tenant's goods by operation of law, and is superior to every other.—Code of 1886, § 3069; *McKleroy v. Cantey*, 95 Ala. 295, 11 So. Rep. 258; *Ex parte Barnes*, 84 Ala. 543; 4 So. Rep. 769; *Weil v. Mc Whorter*, 94 Ala. 540, 10 So. Rep. 131; *Aderhold v. Blumenthal*, 95 Ala. 66, 10 So. Rep. 230. (2.) At the time the said order was made only a part of the rent had become due and in default, and the appellee had sued out writs of attachment only for the instalments of rent due and unpaid. There was no way left for enforcing at law the appellee's lien as landlord for the rent to become due for the period subsequent to the sale of the property by the sheriff as perishable and resort to equity became necessary and allowable.—*Bingham v. Vandegrift*, 93 Ala. 283, 9 So. Rep. 280; *Westmoreland v. Foster*, 60 Ala. 448; *Abraham v. Hall*, 59 Ala. 387. (3.) The appellee could not interpose a claim suit in the city court upon any statutory ground.—*Treadway v. Treadway*, 56 Ala. 390; *Jackson v. Bain*, 74 Ala. 328.

STONE, C. J.—Section 3069 of the Code of 1886 declares that "The landlord of any storehouse, dwelling-house, or other building, shall have a lien on the goods, furniture and effects belonging to the tenant for his rent, which shall be superior to all other liens, except those for taxes." This certainly secures a lien of a very high order; a lien which exists, and can be enforced, indepently of the remedy by attachment given in section 3070— *Westmoreland v. Foster*, 60 Ala. 448; *Union W. & E. Co. v. McIntyre*, 84 Ala 78, 4 So. Rep. 175. See also *Espalla v. Touart*, 96 Ala. 137; 11 So. Rep. 219.

We hold that the remedy by attachment is cumulative, and that a resort to that writ for the enforcement of the

matured part of the rent notes, is no bar to the present suit.—3 Brick. Dig. 804, §97. The averments of the bill make a case where equity alone can administer the proper relief, and enforce the paramount lien which it asserts.

It is claimed for appellants that because the bill is silent as to the disbursement of the proceeds of the attached property, as ordered by the city court, we can not know that the indebtedness for rent was not ordered to be first paid; and, hence, that we can not know that the complainant was aggrieved or injured by that order. It is contended that for this omission the injunction should be dissolved. This is scarcely a full presentation of the case, as made by the bill. It does appear by necessary implication that seven of the rent notes, aggregating $350, were not in suit, and, consequently, they were not before the city court, and could not have been considered in the order then made.

The bill, in its fourth paragraph, needs amendment. It should have set forth the substance of the order of distribution made by the city court. We will, however, make no order touching this matter. Unless the amendment is seasonably made, the chancery court will make the proper order.

The decree of the chancellor is affirmed.

101  193
e139  486

