## WORTHINGTON v. CLAPP.

### 6 Div. 360.

Supreme Court of Alabama.

June 22, 1933.

W. T. Edwards, of Birmingham, for appellant.

W. A. Weaver and Horace C. Wilkinson, both of Birmingham, for appellee.

BOULDIN, Justice.

The action was in ejectment.

Plaintiff claimed under a tax title. Code, § 3104. The plaintiff was cast in the suit for the land, and thereupon the court, on motion of plaintiff, proceeded to "ascertain the amount of taxes for which the lands were liable at the time of the sale, and for the payment of which they were sold, with interest thereon from the date of sale, and the amount of such taxes on the lands, if any, as the plaintiff, or the person under whom he claims,. has, since such sale, lawfully paid or assumed by the state after its purchase, with interest thereon from the date of such payment." Code, § 3101.

The judgment entry recites that the motion of the plaintiff, granted by the court, was "to ascertain and fix the amount plaintiff is entitled to have and recover as for taxes,. costs, penalties paid."

■ Appellant insists the statute permits: only a recovery of taxes paid, etc., and that "costs and penalties" accruing for which the lands were sold are not to be included.

In Sheffield City Co. v. Tradesman's National Bank, 131 Ala. 185, 191, 32 So. 598, 600, construing sections 4078, 4083, and 4084 of the Code of 1896, brought forward without. change in this regard as sections 3096, 3101, and 3102 of the Code of 1923, this court said: "The legislature recognized the fact, that it. would be most unjust for the owner to recover his land from such purchaser, on account of the irregularity of the sale under which it was sold for taxes, and not refund to him the taxes, costs and expenses of the sale,. for which he, the owner, was liable and should have paid. Otherwise, owners of taxable property would be encouraged not to pay their taxes, and speculate on the chances, —far more than equal—of a recovery of the land from the purchaser, because of irregularities in the assessment and sale. So it. was, by that and other sections of the Code, the state has sought to protect purchasers at tax sales in providing a security and a remedy for the money they have paid out for delinquent owners, when the title they acquired from the state was invalid, because of irregularities committed by the officers of the state. In so doing, the owner is not injured, the purchaser is protected, and the general policy of the state to encourage the purchase of property for delinquent taxes, promoted."

The assignment of the tax liens, enforced through this procedure, was thus declared to include the items which the tax liens cover, costs incident to a sale for taxes, and penalties which are added to and become part of the taxes collectable.

The statute has been more than once recodified since the above-cited decision.

The statute directs a personal judgment against the defendant, as well as one declaring a lien on the lands. Code, § 3101.

■ While it is held the court should ascertain the amount for which judgment should be rendered, it not appearing any controverted facts were determined by the jury, and their finding thereon accepted by the court, no injury appears from submitting the matter to a jury. Green v. Stephens, 198 Ala. 325, 73 So. 532.

■ Appellant can complain only of errors injurious to him. Errors, if any, affecting his codefendant, who does not appeal, are not reviewable.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.