# Lowe *v.* Martin.

*Statutory Action in nature of Ejectment, by Purchaser at Tax-Sale.*

1. *Sale of lands for unpaid taxes; description of lands in tax-collector's docket, assessed to "owner unknown."*—Under the provisions of the act approved February 12th, 1879, relating to the sale of lands for delinquent taxes (Sess. Acts, 1878-9, pp. 3-8, § 1), lands assessed to "un-

[Lowe v. Martin.]

known owners" were required to be entered and described, in the docket filed by the collector in the office of the probate judge, "in the beat where the land is situate;" and the entries in this docket are the basis of the jurisdiction of the court to order a sale. But it is no objection to the validity of the sale, that several tracts of land, situated in different townships, are entered on the docket as assessed to "owners unknown," without specifying the particular beat or precinct in which the different tracts lie: as to these matters, in the absence of evidence, the court will not impute negligence to the officer, by presuming that the several tracts are in different beats.

2.　*Auditor's certificate to purchaser.*—Under the provisions of the act approved February 13th, 1879 (Sess. Acts 1878-9, p. 13, § 18), the auditor's certificate of transfer passed to the purchaser all the title acquired by the State as purchaser at the tax-sale; and it was not required to be either attested or acknowledged, as is now· necessary to perfect his deed.

FROM the Circuit Court of Chilton.

Tried before the Hon. JAMES E. COBB.

This action was brought by James S. Martin, against E. H. Lowe and others, to recover the possession of a tract of land, which was described in the complaint as the west half of the north-east quarter of section twenty-five (25), township twenty-two (22), range fourteen (14); and was commenced on the 29th December, 1884, as shown by the summons and complaint copied in the transcript, though the bill of exceptions recites that the action was commenced on the 30th September, 1885. The trial was had on issue joined on the plea of not guilty.

On the trial, as appears from the bill of exceptions, "the plaintiff offered in evidence so much of the book or docket of the tax-collector, filed in the office of the probate judge, as required by law, by the first day of March, and alleged to contain a list of the delinquent tax-payers for the year 1880, as showed that the land sued for was returned, showing in one assessment, to 'owners unknown,' the following described lands"—viz., in township twenty-two (22), range fourteen (14), subdivisions of sections 35, 26, 24, and the lands sued for in section 25; also, parts of sections in townships 20 and 21, range 14, part of a section in township 23, range 15, and several lots in the town of Clanton. " This book was proved, and showed, as stated, that the land sued for was entered therein as assessed to 'unknown owner,' and also the amount of taxes and charges due thereon." The defendants objected to the admission of this book as evidence, but without specifying any particular ground of objection; and they excepted to the overruling of their objection. "The plaintiff then offered in evidence the decree of the Probate Court of said county, made and entered up in form as required by law, condemning said lands to be sold for unpaid taxes for the year 1880, and ordering that they be sold; which decree recited, 'that notice has been given, as required by law, that a motion would be made for a decree of

sale of said lands for the payment of said taxes.' The defendants objected to the admission of said decree as evidence, but the court overruled their objection; and they excepted. The plaintiff then offered in evidence, after proving the same, the record of tax-sales, kept as required by law, and containing recitals as required by law, showing that said lands were sold for unpaid taxes, on the 13th June, 1881, and purchased by the State; to which the defendants objected, and duly excepted to its admission against their objection. The plaintiff then offered in evidence the auditor's certificate to him as the purchaser of said lands from the State," which was dated December 11th, 1883, and purported to transfer to plaintiff " all the rights acquired by the State to the lands above described, under and by virtue of said sale for taxes." The defendants objected to the admission of this certificate as evidence, and duly excepted to the overruling of their objection.

This being all the evidence, the court charged the jury, on the request of the plaintiff, that they must find for the plaintiff, if they believed the evidence. The defendants excepted to this charge, and they now assign it as error, together with the several rulings on evidence to which, as above stated, they reserved exceptions.

WATTS & SON, and W. E. JOHNSTON, for appellant, cited *Driggers v. Cassidy*, 71 Ala. 529; *Oliver v. Robinson*, 58 Ala. 46; *Boyd v. Holt*, 62 Ala. 296; *Gilchrist ·v. Shackleford*, 72 Ala. 7; *Childress v. Calloway*, 76 Ala. 128; *Boykin v. Smith*, 65 Ala. 295; Burr. Taxation, 281–83.

WM. A. COLLIER, and J. S. EDWARDS, *contra*.

SOMERVILLE, J.—It is contended that the plaintiff has no title to the land sued for in this action, because the Probate Court had no jurisdiction to make the sale for delinquent taxes, at which the State of Alabama purchased on June 13, 1881, and through which the plaintiff derives his claim of title. This sale was made under the provisions of the act of February 12, 1879, relating to the sale of real estate for delinquent taxes.—Acts 1878–79, pp. 3–8. The irregularity relied on to vitiate the sale is supposed to be found in the assessment-list, or " docket," which the tax-collector is required, by the first section of this act, to file with the probate judge by the first of March of each year. The collector is required to enter in a substantially bound book, " in the manner usual in docketing causes for trial in the Circuit Court," each parcel of real estate, describing it in the same manner it was assessed, with the amount of the unpaid taxes and charges due. This book, or

[Lowe v. Martin.]

docket, when properly prepared and delivered to the judge of probate in his office, becomes the basis of all the subsequent proceedings by which the sale is consummated, and is the source of the Probate Court's jurisdiction to make such sale.—*Driggers v. Cassidy*, 71 Ala. 529. Where assessments of land have been made, as in the present case, to some "unknown owner," they are required to be entered by proper description, with the amount of taxes and charges due thereon, and "in the beat where the land is situate." And "in each case" the fact must be stated that the land was so assessed.—Acts 1878–79, § 1, pp. 3–4.

The record shows that the land sued for was accurately described, and was entered in the book or docket of the tax-collector, which he filed with the probate judge within the required time, as assessed to "unknown owner," with a statement of the amount of taxes and charges due thereon. Under the same head of "unknown owner" there are also included some other lands besides the tract in controversy. No mention is made of the particular beats or precincts in which the land is situated, nor is there any statement made from which we can infer any thing in reference to this matter. We can not know that these lands, as thus assessed to "unknown owner," were not in the same beat or precinct. We will not assume the contrary, when the effect of such presumption would be to impute negligence to a sworn officer, in the discharge of his duty, and error to the court in its ruling. If the lands are in the same beat, we do not see how the validity of an assessment can be affected by including in it more than one tract or parcel of land as belonging to an "unknown owner."

There is no defect in the proceeding, which, in our judgment, affected the jurisdiction of the court to make the sale.

There is no force in the suggestion, that the certificate of transfer made by the State Auditor to the plaintiff, on December 11, 1883, was inoperative to convey the legal title to the lands described in it, unless signed in the presence of a witness, or acknowledged before an officer authorized by law to take acknowledgment of deeds. This certificate was executed under the express authority conferred by the act of February 13, 1879.—Acts 1878–79, § 18, p. 13. Its effect was, *proprio vigore*, to transfer to the plaintiff, as purchaser, whatever title the State acquired by virtue of the proceedings at the tax-sale. The act required, for this purpose, only a certificate of transfer to be signed by the Auditor, thus differing essentially from the law now in force, which requires a deed to be executed by him in due and regular form.

We discover no error in the record, and the judgment is affirmed.