# Wartensleben *v.* Haithcock *et al.*

*Statutory Real Action in Nature of Ejectment.*

1. *Nonsuit; what is revisable.*—On appeal from a judgment of voluntary nonsuit (Code, § 3112), this court can only revise the rulings to which exceptions were duly reserved.

2. *Proviso to statute or section.*—The appropriate office of a proviso, generally, is to modify or restrain the enacting clause, or preceding matter only, unless a different intention is apparent; but, when the context and all the provisions relating to the same subject matter show an intent to give to the proviso a scope and effect beyond the section to which it is annexed, or the phrase immediately preceding it, it may be construed as restraining or qualifying preceding sections, or even as tantamount to an enactment in a separate section.

3. *Sale of lands for unpaid taxes ; affidavit of collector as to want of personal property.*—Under the provisions of the act approved February 12th, 1879, relating to the sale of lands for delinquent taxes (Sess. Acts, 1878-9, pp. 3-8), the affidavit which the tax-collector is required (§ 12) to make and enter in the book filed by him in the office of the probate judge, as to his inability to find personal property after diligent search, is a jurisdictional fact, without which the court has no authority to make an order of sale.

4. *Amendment of complaint; claim of lien for taxes paid.*—When the purchaser of lands at a sale for unpaid taxes brings an action to recover the possession, and the sale is held invalid on any ground except that the taxes were not in fact due and unpaid, he may have judgment for the amount paid by him, with subsequent taxes, and statutory penalty, which constitutes a lien on the land (Sess. Acts, 1878-9, p. 8); and when it becomes apparent, from the rulings of the court during the trial, that this suit must fail, he has a right to amend his complaint by making the statutory statement and claim.

APPEAL from Limestone Circuit Court.
Tried before Hon. H. C. SPEAKE.
This was a statutory real action in the nature of ejectment,

[Wartensleben v. Haithcock et al.]

commenced on the 20th day of February, 1883, by Henry Wartensleben against Mary A. Haithcock to recover possession of a tract of land, particularly described in the complaint, together with damages for its detention. L. W. Humes, as landlord of the tenant in possession, was subsequently, upon his own motion, let in to defend, and issue was joined upon the plea of the general issue. The trial resulted in a verdict and judgment for the defendants ; the plaintiff, in consequence of certain adverse rulings of the court excluding the " delinquent docket," &c., (the facts concerning which are stated in the opinion), taking a nonsuit, with a bill of exceptions. The proposed amendment of appellant's complaint, which was requested and refused in the primary court, was in the following language : " And the plaintiff avers that he claims in this suit under a tax-title, derived from a tax-sale, made May 17, 1880. R. A. McClellan, att'y for pl'ff."

McClellan & McClellan, for appellant.

Humes, Gordon & Sheffey, and Wm. R. Francis, contra.

(No briefs came into the hands of the Reporter).

CLOPTON, J.—The title of the plaintiff to the lands in controversy is founded on a sale, under a proceeding before the judge of probate for the condemnation of the lands for the payment of delinquent taxes, as provided by the act of February 12th, 1879, entitled, "An act to provide for the sale of lands and other real estate for delinquent taxes and the redemption thereof."—Acts 1878–79, p. 3. The plaintiff having taken a voluntary *nonsuit*, we can only revise the decisions of the court, which made it necessary for the plaintiff to suffer a *nonsuit*. The only errors assigned, which we can consider relate to the exclusion of evidence, and the refusal of the court to allow the complaint to be amended.

The plaintiff offered in evidence a book, purporting to contain entries of each parcel of the lands, the name of the person against whom the taxes were assessed, the amount of the unpaid taxes and charges, and the decree of condemnation and sale. On March 1, 1880, the tax-collector made out and delivered to the judge of probate an imperfect docket on foolscap or legal-cap paper, showing the list of delinquent taxpayers for 1879, the real estate described as assessed to each, and the amount of unpaid taxes due from each delinquent, all or a portion of which tax was assessed on real estate. From this imperfect docket, which was not prepared in compliance with the statute, the judge of probate caused to be prepared

[Wartensleben v. Haithcock et al.]

the book offered in evidence. It was admitted, that no affidavit whatever was made and subscribed at the end of the book, and it is not shown that an affidavit such as is required by the twelfth section of the act, was made and subscribed and entered at the end of the docket made out and delivered by the tax-collector.

The jurisdiction conferred on the judge of probate in a proceeding to enforce the collection of taxes by a sale of lands, is statutory, special, and limited, and must affirmatively appear. *Driggers v. Cassady*, 71 Ala. 529 ; *Carlisle v. Watts*, 78 Ala. 486. A decree of sale, made in a proceeding, which does not show the existence of the facts on which the jurisdiction is based by the statute, is *coram non judice*, and is not evidence against the owner in a suit by a purchaser to recover the lands.

The statute imposes on the tax-collector the duty, " to procure a substantially bound book at the expense of the county, in which he shall enter in the manner usual for docketing causes for trial in the Circuit Courts, each parcel of all real estate assessed to any person or persons, against whom taxes have been assessed, which are not paid, when a portion or all of said taxes are on real estate, describing each parcel in the same manner it was assessed, and the amount of the unpaid taxes and charges due by such person or persons ;" and to deliver such book into the office of the judge of probate. Unless the book is properly prepared, the judge of probate must cause it to be done at the expense of the collector. The docket thus prepared is the foundation, of the statutory notice to be issued by the judge of probate to the owner, his agent or representative, of each parcel of land entered therein, to show cause on a day named, why a decree should not be made for the sale of the land for the payment of the State and county taxes and costs ; and of a decree of sale in the event he interposes no defense.

By the twelfth section, immediately succeeding the provision, that if under any sale had under its provisions any lands bid in by the State, the collector shall not be entitled to credit for the taxes on such lands, unless he files with the auditor an affidavit, that no personal property could be found by reasonable search, out of which to collect the taxes for which the lands were sold, it is enacted : "And provided further, That said collector shall, at the end of the book required by the first section of this act, enter, make, and subscribe the following oath, to be administered by the judge of probate, in whose office it is filed : '*I do solemnly swear I have in each case entered in this book, made diligent search for personal property of the party against whom the taxes are respectively assessed, and after diligent search, I was unable to find sufficient per-*

[Wartensleben v. Haithcock et al.]

*sonal property, subject to taxation, from which to collect taxes or any part thereof.*'" Without alluding to the imperfect and improper manner, in disregard of the requirements of the statute, in which the docket was prepared by the collector, we shall confine the consideration to the inquiry, whether the inability of the collector to find sufficiency of personal property, by diligent search, from which to collect the taxes, to be shown by the statutory affidavit of the collector, is a jurisdictional fact?

It is insisted, the position, and connection of the proviso, and the context, show, that the affidavit is only a condition, on the performance of which the collector is entitled to a credit for the taxes on lands bid in by the State. A statute should be so construed as to give some effect and operation to each word and phrase, and all relating to the same subject-matter should be construed together. Though the proviso is found in a section, and immediately follows a particular phrase, its effect is not necessarily limited and restricted to the same section. Generally, the appropriate office of a proviso is to restrain or modify the enacting clause, or preceding matter, and should be confined to what precedes, unless the intention, that it shall apply to some other matter, is apparent. When from the context, and a comparison of all the provisions relating to the same subject-matter, it is manifest, that the object and intent were to give the proviso a scope extending beyond the section, and effect beyond the phrase immediately preceding, it will be construed as restraining or qualifying preceding sections relating to the subject-matter of the proviso, or as tantamount to an enactment in a separate section, without regard to its position and connection.—*Mayor of Cumberland v. Mc-Gender*, 34 Md. 381; *United States v. Babbit*, 1 Black, 55.

The limitation of the operation of the proviso to the phrase in the same section, leaves it without any practical or serving purpose and effect. The docket, in which the affidavit is required to be entered, remains in the office of the judge of probate, and is not conveniently accessible to the Auditor. The Legislature specially provided, that an affidavit should be filed with the Auditor, and deemed this sufficient in respect to allowing credit for the taxes on land sold and bid in by the State. The Auditor is authorized to act and allow the credit upon the affidavit alone, which the collector is required to file with him. As the oath to be entered at the end of the book is superfluous and useless for this purpose, some other effect should be given to the proviso. A construction should be avoided, which imposes on the collector the burden of needless and superfluous proof before he is entitled to a credit for the taxes—of making two affidavits of the same tenor and substance for the same pur-

[Wartensleben v. Haithcock et al.]

pose. The only other field of operation is in reference to proceedings for the sale of the land. The oath required to be entered at the end of the docket is the one on which the judge of probate acts ; the affidavit required to be filed with the auditor is the evidence on which he acts.

Under the revenue law, personal property is the primary fund to which resort must be made for the compulsory payment of taxes. There is no power or right to sell land, only in the event personal property can not be found after reasonable search. *Stoudenmire v. Brown*, 57 Ala. 481; *Davis v. Minge*, 56 Ala. 121. Proof that the tax-payer has, in the county, sufficient personal property, which could have been found by reasonable search, from which his unpaid taxes could have been collected, constitutes a valid defense to the judicial proceedings for the sale of lands for the payment of taxes.—*Diggers v. Cassady*, *supra*. The proceeding is *in rem*, and has regard to the land itself, though it also partakes of the nature of a proceeding *in personam*, upon notice to the owner and his appearance to contest. The jurisdiction of the judge of probate arises, and he takes up the case, after the inability of the collector to collect the taxes from personal property. The docket, prepared and delivered by the collector is, for all legal purposes, a return or report of the jurisdictional facts to the judge of probate.

It may be, that ordinarily, judicial proceedings will not be regarded as void for the absence of a *verifying* affidavit, though the statute may require such affidavit, the jurisdiction of the court, in such case, being founded on the *allegation* of the jurisdictional facts, and not upon their *verification*. The tax-collector is not required to verify the general entries in the book. The requisite affidavit relates to a separate, independent, and distinct fact, which did not and could not appear on the assessment roll, or elsewhere. Because of the importance of this fact, and its necessity to the power and right of the judge of probate to decree a sale of the lands, the legislature deemed proper to require, that its return or report should be made in the form, and under the solemnity of an oath, to be entered at the end of the book, and to constitute a part thereof. The docket, substantially prepared as required by the act, was designed to comprise the return or report of the collector to the judge of probate of *all* the facts, on which lands may be subjected to the payment of taxes. No officer, other than the judge of probate in whose office the docket is filed, is authorized to administer the oath. He should not receive the docket unless the required oath be made, and entered therein. The first and second sections of the act, and the oath prescribed by the proviso in the twelfth section, relate to the same subject-matter—the docket and the manner of its preparation and its

[Wartensleben v. Haithcock et al.]

contents. The entries in the book of each parcel of real estate assessed, the person against whom the taxes are assessed, a portion of which are on real estate, and the amount of taxes and charges due and unpaid, though necessary, are not by themselves sufficient to subject the lands. The inability to find personal property from which to collect the taxes is a fact, essential to the power of the court to condemn and decree a sale. The act requires this fact to be entered in the docket, and the effect is to make it a jurisdictional fact, which should appear in the proceedings. It constitutes a part of the docket, as essential as the other entries to the power of the court to decree a sale ; and being thus requisite, the same reasons exist for regarding it a jurisdictional fact, as such other entries. A docket, containing all the entries required by the statute, is necessary to the jurisdiction of the judge of probate. It is no answer that the owner may show in defense, the possession and ownership of personal property. The allegations, contained in the docket, should make a *prima facie* case, which the answer is required to overcome. The purpose was, that the docket returned by the collector should show the existence of all the facts, on which the judge of probate would be authorized to decree a sale of lands for the payment of taxes in the event the owner did not appear to contest. The analogous rules are those which apply in applications for the sale of lands of a decedent for the payment of debts.—*Thatcher v. Powell*, 6 Whea. 119.

The book having been properly excluded, the evidence subsequently offered is, of consequence, irrelevant and inadmissible.

But the court erred in not allowing the amendment to the complaint. The statute provides, that if, in any suit by the purchaser against the owner to recover possession of land sold for taxes, final judgment be rendered, that the plaintiff is not entitled to recover possession on the ground of invalidity in the sale, except that the taxes were not due, the court shall forthwith empannel a jury to ascertain the amount of taxes for which the land was liable at the time of the sale, and for which it was sold, and of such taxes thereon as may have been lawfully paid by plaintiff subsequently, with interest at the rate of twenty-five per cent. per annum, from the time of the sale or subsequent payment as the case may be, and thereupon the court shall render judgment against the defendant for the amount thus ascertained, which shall constitute a lien on the land ; and that a statement in, or appended to the complaint, that the plaintiff claims under the tax sale, stating the time of the sale, shall be sufficient pleading to authorize the court to institute inquiry and render judgment as provided.—Acts 1878–79, p. 8. When it was discovered from the rulings of the court, that final

[Commercial Fire Ins. Co. v. Allen et al.]

judgment must necessarily be rendered that the plaintiff was not entitled to recover possession on the ground that the probate judge had no jurisdiction to decree a sale, he had the right to amend the complaint by incorporating therein, or appending thereto, the statutory statement, in order that on the rendition of the judgment the court should institute the inquiry, and render judgment for the amount ascertained to be due as authorized by the statute. The purpose of the statute is to authorize the purchaser, in the event his title is valid for any reason other than the taxes were not due, to recover the taxes for which the land was liable and sold, and also which had been subsequently paid by him—to compel the owner to pay the taxes lawfully due—and to authorize the determination in *one* suit, of the right of the purchaser to recover possession, and failing in this, to recover the amount of taxes lawfully due by the owner and the statutory penalty. By the refusal of the court to allow the amendment, the latter inquiry was prevented.

Reversed and remanded.