# JANUARY TERM, 1894.

### PRESENT:

HON. ALBERT H. HORTON, CHIEF JUSTICE.
HON. WILLIAM A. JOHNSTON, } ASSOCIATE JUSTICES.
HON. STEPHEN H. ALLEN,

## M. A. POUNDS v. A. K. RODGERS, *as Treasurer of Shawnee County, et al.*

1. TAX SALE—*What Law in Force.* All matters relating to the sale and conveyance of land for taxes under any prior statute shall be fully completed according to the laws under which they originated, the same as if such laws remained in force. (Gen. Stat. of 1889, ¶ 7010; Laws of 1876, ch. 34, § 155; Gen Stat. of 1868, ch. 107, § 143.)

2. ———— *Contract—Parties.* The sale of land for delinquent taxes, under the statute, constitutes a contract between the purchaser and the state, the terms of which are found in the law then in force.

3. TENDER, *Insufficient—Redemption—Rate of Interest.* On September 1, 1893, the owner tendered to the county treasurer the amount for which the land was sold, with interest at the rate of 24 per cent. from the date of sale to the 18th day of May, 1893, the day on which chapter 110 of the Laws of 1893 (reducing the interest payable on redemption to 15 per cent.) went into effect, and interest from May 18, 1893, to September 1, 1893, at the rate of 15 per cent.; also, the amount of the half tax of 1892, paid by the purchaser June 21, 1893, with interest from the latter date to the time of tender at the rate of 15 per cent. *Held,* That the tender was insufficient; and further *held,* that, to redeem said land, the amount for which the land was bid off, and all the subsequent taxes paid by the purchaser thereon, with interest at the rate of 24 per cent. per annum on the taxes and charges from the date of sale, and the same interest on all subsequent taxes so paid by the purchaser from the date of payment, must be paid or tendered.

*Original Proceeding in Mandamus.*

ACTION by *Pounds* against *Rodgers,* as county treasurer, and others. The opinion herein, filed January 6, 1894, states the material facts.

*James A. Troutman,* for plaintiff.
*Morton & Clark,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This is an action brought to compel defendant, the county treasurer of Shawnee county, to accept a tender made by plaintiff, and execute to him a certificate of redemption of certain land sold at the tax sale of September 6, 1892, for the taxes of 1891. At the time of the tax sale, the law in force as to redemption provided that any owner may, at any time before the execution of a tax deed, redeem any land by paying to the treasurer of the county where such land is sold, for the use of the purchaser, the amount for which the land was sold and all subsequent taxes and charges thereon, with interest at the rate of 24 per cent. per annum on the amount of the purchase-money from the date of sale, and the same rate on all subsequent taxes paid thereon. Section 2, chapter 110, Laws of 1893, reduces the rate of interest to be paid on redemption to 15 per cent., and took effect May 18, 1893. The tender of plaintiff was based upon a computation of interest upon the amount for which the land was sold, from the sale day to May 18, 1893, at the rate of 24 per cent., interest from that date at the rate of 15 per cent., and interest on the subsequent taxes paid by the purchaser at the rate of 15 per cent. from the date of payment.

The question is, whether the redemption in this case is to be under the law of 1893, or the law in force at the time of the tax sale. The sale of land for delinquent taxes, under the statute, constitutes a contract between the purchaser and the state, the terms of which are found in the law then in force. (*Adams v. Beale,* 19 Iowa, 361; *Rambo v. Campbell,*

8 Mo. App. 581; *Fleming v. Roverud*, 30 Minn. 273; *Mc-Cann v. Merriam*, 11 Neb. 241; *Moody v. Hoskins*, 64 Miss. 468; *The State v. Foley*, 30 Minn. 350; *Boyd v. Holt*, 62 Ala. 296.) In this case, the state, by the terms of the statute, contracted·with the purchaser that he shall be entitled to interest on his own investment at the rate 24 per cent. per annum, up to the time of a redemption, and, if not redeemed within three years, to a tax deed. The transaction being a contract, there would be an equal violation of obligation in reducing the rate of interest on the tax certificate as in extending the time of redemption.

As to cases of an attempted·extension of time of redemption, see *Robinson v. Howe*, 13 Wis. 341; *The State v. McDonald*, 26 Minn. 145; *Merrill v. Dearing*, 32 id. 479; *Goenen v. Schroeder*, 8 id. 387. The supreme court of South Dakota has recently held, that "the sale of land for delinquent taxes, under the statute, constitutes a contract between the purchaser and the state, the terms of which are found in the law then in force, and that a law extending the time of redemption [though only for 60 days] could not apply to prior sales." (*The State v. Fylpaa*, 54 N. W. Rep. 599.) The case of *Morgan v. Comm'rs of Miami Co.*, 27 Kas. 89, was analogous in many respects to this. In its opinion, the court distinctly recognizes the contractual relations of the purchaser and the state, and says: "Notwithstanding that in 1879 this provision of the law was materially changed, plaintiffs in error are entitled to have their money refunded under the statute existing when their rights vested. The repayment of the taxes and the charges and interest to a purchaser at a tax sale, after the conveyance thereon has been adjudged invalid, was as much a part of the contract with such purchaser as the execution of the conveyance itself." The case of *Crawford v. Shaft*, 35 Kas. 478, is also to the same effect. Section 155, ch. 34, Laws of 1876, provides that "All matters relative to the sale and conveyance of land for taxes under any prior statute shall be fully completed according to the laws under which they originated, the same as if such laws remained in force." Para-

graph 6687, Gen. Stat. of 1889, provides that no repeal of a statute shall affect any right which accrues, any duty imposed, any penalty incurred nor any proceeding commenced under or by virtue of the statute repealed.

We are referred to the following authorities, which it is claimed decide that the terms of the former statute relating to tax proceedings may be changed at any time by the legislature: Black, Tax Tit., § 360; *Flinn v. Parsons*, 60 Ind. 573; *Snell v. Campbell*, 24 Fed. Rep. 880. Black merely cites the other two cases. In the Indiana case, at the time of the tax sale, the interest was 6 per cent. Under a subsequent statute it was provided, that if the tax deed was invalid, the tax purchaser should recover 25 per cent. interest. The tax deed was executed after the new statute was enacted, and the court held that, as the deed was discovered invalid, the tax purchaser was entitled to 25 per cent. under the new statute. That decision favors, to some extent, the contention of the plaintiff, and it is the only case we have been able to find of like import. But in the Snell case it was stated by the trial judge, that "what the rule would be as against some third party not interested in the tax sale, who should, at a tax sale, bid in the property for the tax and penalty, and actually pay such amount into the treasury, is not considered or determined." That case, therefore, has no application.

Writ denied, and judgment for defendants for costs.

All the Justices concurring.