# Cobb, *et al.* v. Vary.

## *Statutory Action of Ejectment.*

1. *Constitutional law; act original in form not within constitutional pro-
   vision prohibiting amending law by reference to title.*—An act of
   the legislature, which is in form original, and is in itself intel-
   ligible and complete, and does not, either in its title or in its
   body, appear to be revisory or amendatory of any existing law,
   is not within the inhibition of the constitution, that "no law
   shall be revised, amended, or the provisions thereof extended
   or conferred by reference to the title only," &c , (Const. Art.
   IV, § 2); and this is true where such act seeks to effectuate
   the rights conferred, by referring to certain sections of the
   Code as furnishing means necessary for their enforcement.
2. *Same; same; act conferring rights upon purchasers of land sold for
   taxes and bid in by the State, not violative of Art. IV, § 2 of Con-
   stitution.*—Section 8 of the "Act to dispose of lands which have
   been, or may hereafter be, sold for taxes and bid in for the State,

/

[Cobb, *et al.* v. Vary.]

and which have not been redeemed or purchased from the State" (Acts, 1894–95, p. 488), providing, that in case of litigation to recover or defend possession acquired under the deeds made to purchasers under the act, "the parties to such suits shall have all the rights and rest under all the disabilities given and imposed by sections 597, 600, 601, 602, 603 of the Code of Alabama," is not violative of section 2, Art. IV of the constitution.

3. *Action of ejectment; taxes allowed plaintiff on failure of tax title upon which he bases his right to recover.*—Where, in an action of ejectment to recover lands claimed under a tax title, the plaintiff fails to recover on the ground that the tax sale was invalid for a reason other than that the taxes were not due, and the court impannels a jury as provided by statute (Code of 1886, § 600) to ascertain, 1st, the amount of taxes for which the land was liable at the time of sale, and 2d, the amount of such taxes on the lands, if any, as the plaintiff has since said sale lawfully paid, the plaintiff is entitled to recover the amount of all taxes, whether State, county or municipal, for which the land was liable at the time of the sale, whether embraced in the purchase price at the sale or not, with twelve *per cent. per annum* from date of sale, and also the amount of the taxes, State, county and municipal which he proves he has lawfully paid since said sale, together with twelve *per cent.* interest *per annum*, on these sums from date of payment.

4. *Pleading and practice; when charge directing verdict for fixed amount properly given* —When upon an issue for the recovery of money, the plaintiff is entitled to judgment and the evidence shows without conflict the amount the plaintiff is entitled to recover, it is not error for the court to instruct the jury to return a verdict in favor of plaintiff for such fixed amount.

APPEAL from the Circuit Court of Calhoun.

Heard before the Hon. GEO. E. BREWER.

This was a statutory real action in the nature of ejectment, brought by the appellee, Ida W. Vary, against the appellants, Ed Cobb and others, to recover a certain lot in the city of Anniston, Ala. The lot was sold for taxes on the 29th day of June, 1892, and was bid in for the State of Alabama at the tax sale. On the 4th day of November, 1895, the probate judge of Calhoun county, as authorized by an act entitled "An act to dispose of lands which may have been or may hereafter be sold for taxes and bid in for the State, and which have not been redeemed or purchased from the State," approved February 9, 1895, (Acts of 1894–95, p. 488), sold the lot, and at said sale the lot was purchased by the plaintiff.

[Cobb, *et al.* v. Vary.]

On the trial of the cause, the plaintiff, to support her right of recovery, introduced in evidence a deed conveying said lot to her, executed on January 27, 1896, by John Purifoy, as Auditor of the State.

The defendants introduced evidence tending to show that the tax sale was irregular, in that it was not advertised in accordance with the statute, and that the defendant, E. J. Cobb, to whom said property was assessed and who was the owner thereof, was a woman, and that one item of taxes for which said property was sold, was $1.50 poll tax; and upon this evidence the jury under instructions of the court returned a verdict for the defendant. Thereupon, the court upon motion of the plaintiff proceeded to impannel a jury to ascertain the amount of taxes for which the land was liable at the time of sale, and for the payment of which it was sold, with the interest thereon from the date of sale, and the amount of taxes paid by the plaintiff since the sale, with the interest thereon from the date of payment, the interest on both amounts to be computed at 12 *per cent. per annum*. The defendant objected to this action of the court in impannelling a jury to ascertain said amount, on the ground that the plaintiff was not shown to be a purchaser at a tax sale, nor claiming under a purchaser at tax sale, and on the ground that there is no statute authorizing the ascertainment of such amount in this case. The court overruled the objection, and the defendants severally and separately excepted.

The plaintiff introduced evidence tending to show the amount of taxes which she had paid. The defendants objected to the introduction of this evidence, on the ground that the same was not recoverable in this action. The court overruled this objection and the defendants duly excepted. The defendants objected to the introduction in evidence of the amount of city taxes paid by the plaintiff, on the ground that the said evidence was immaterial and irrelevant, and that the plaintiff was not entitled to recover municipal taxes in this action. The court overruled the objection, and the defendants duly excepted.

Upon the introduction of all the evidence, the court instructed the jury as follows: "If the jury believe the evidence they will find the issues in favor of the plain-

tiff, and assess the damages at $232.24'' (the amount
the plaintiff had paid for taxes, state, county and munici-
pal, together with 12 *per cent. per annum* added there-
to). The defendants excepted to the giving of this
charge.

There were verdict and judgment for the plaintiff,
fixing the amount of her recovery at $232.24. The de-
fendants appeal, and assign as error the several rulings
of the trial court, to which exceptions were reserved.

PELHAM & ACKER, for appellants, cited, *Stewart v.
Commissioners*, 82 Ala. 209 ; *Judson v. Bessemer*, 87 Ala.
240 ; *Bolling v. LeGrand*, 87 Ala. 482, 492 ; *Barnhill v.
Teague*, 96 Ala. 207 ; *Bay Shell-Road Co. v. O'Donnell*,
87 Ala. 378 ; *Maxwell v. State*, 89 Ala. 150 ; *Stewart v.
State*, 100 Ala. 1 ; *Miller v. Berry*, 101 Ala. 531 ; *Rea v.
Westcott*, 108 Ala. 354.

S. D. G. BROTHERS, *contra*, cited, Acts, 1894–95, p.
492 ; *State v. Rogers*, 107 Ala. 454.

HARALSON, J.—1. The first section of the act to
dispose of lands which had been or might thereafter be
sold for taxes and bought in by the State, adopted Feb-
ruary 9, 1895 (Acts, 1894–95, p. 488), under which this
suit was brought, provides : ''That all lands which have
been or which may hereafter be sold for taxes and bid
in for the State, and which have not been redeemed or
purchased from the State under existing laws, shall,
when such lands have been, or may hereafter be held by
the State for two years, become the property of the
State.'' The other provisions of the act, have reference
to the duties of the Auditor and the probate judges of
the State, for the public sales of such lands, at times,
and on terms and conditions therein stated ; for their
redemption before the sale, by any one having an inter-
est in said lands, on conditions specified, and for the ex-
ecution of proper deeds of conveyance to the purchasers
or parties redeeming.

Section 8 of the enactment provides : ''The purchas-
ers under this act are authorized to take possession of
lands described in their respective deeds, when the same

[Cobb, *et al.* v. Vary.]

are not held adversely, and are authorized to bring suits to recover such lands when held adversely. In cases of litigation to recover or defend possession acquired under such deeds, the parties to such suits shall have all the rights and rest under all the disabilities given and imposed by sections 597, 600, 601, 602, 603 of the Code of Alabama."

The title to this act is, "An act to dispose of lands which have been, or which may hereafter be, sold for taxes and bid in for the State, and which have not been redeemed or purchased from the State." Its object was to provide by independent legislation for deficiencies in the law theretofore existing. Theretofore, in Part 1, Title 7, Chapter 6 of the Code of 1886, embracing sections 597 to 606, inclusive, provision had been made, "for the rights and remedies of purchasers of land at tax sales," but none for the disposition of lands, which had been sold for taxes and bid in by the State, under section 580 of the Code.

In the title to this act, nor in its body, is there any statement, nor does it anywhere so appear, that this new law was revisory or amendatory of any former law. The act is in form original, and is in itself intelligible and complete, and is not within the mischief designed to be remedied by the provision of the constitution, which it is insisted by the appellant it offends, providing that "no law shall be revised, amended, or the provisions thereof extended or conferred by reference to the title only; but so much thereof as is revived, amended, extended, or conferred, shall be reenacted and published at length."—Art. IV, § 2 of Const. 1875. For a full discussion sustaining this view of the act, reference may be had to the case of *The State v. Rogers*, 107 Ala. 444, and the authorities there cited, rendering it unnecessary to repeat here the argument there so fully made. We approve and follow that case.

The appellee, the plaintiff below, was the purchaser at a tax sale. The recitals of the deed of the Auditor to her, introduced without objection, show that she was such purchaser. The plaintiff failed of recovery on the ground that such sale was invalid for a reason other than that the taxes were not due. The court on the motion of the plaintiff, as it was required to do by section 600

of the Code, which is a part of the proceeding provided for in said act of 1894–95, forthwith impannelled a jury to ascertain, 1st, the amount of the taxes for which the land was liable at the time of the sale, and 2d, the amount of such taxes on the lands, if any, as the plaintiff has since said sale lawfully paid, with interest as prescribed by statute on both amounts. From the terms of the statute itself, the defendant must pay "the amount of the taxes for which the lands were liable at the time of the sale," with interest at twelve *per cent. per annum* from date of the sale, and not simply what he paid as the purchase price at the sale ; and in addition, such other taxes as he has since lawfully paid. He cannot recover any of the last named taxes, unless he proves he has paid them. The statute covers all taxes whether State, county, or municipal.—*Turner v. White,* 97 Ala. 545 ; *Wartensleben v. Hitchcock,* 80 Ala. 565, 570.

The evidence showed without conflict the amount of the taxes for which the lands were liable at the time of the sale, and for the payment of which they were sold, and the amount of the taxes thereon that the plaintiff has since lawfully paid, which sums with the interest thereon from the date of such payments at 12 *per cent. per annum* constituted the amount the plaintiff was entitled to recover. There was no error in this state of the proof, therefore, for the court to give the charge requested by the plaintiff.

Affirmed.

# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1898.